IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Leigh Ann Griffin, | ) | Civil Action No.: 4:12-cv-00213-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Eric Holder, Attorney General of the | ) | |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Plaintiff Leigh Ann Griffin ("Plaintiff") filed the above action against Defendant alleging violations of her former employer, the Federal Bureau of Prisons ("BOP"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010), the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101–12213 (West 2006), and the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C.A. §§ 791–94 (2006).[1]

On February 28, 2013, Defendant filed a Motion for Summary Judgment, along with a memorandum in support. After two extensions of time, Plaintiff filed her Response on April 5, 2013. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of

---

[1] Although Plaintiff alleged violations of the ADA, the United States is specifically excluded from the ADA's definition of employer, and, thus, a claim under the ADA will not stand against the United States. Rather, the Rehabilitation Act provides the exclusive judicial remedy for claims based upon a federal employee's disability. Without objection from any party, and noting that the ADA standards mirror those of the Rehabilitation Act. The magistrate construed Plaintiff's ADA claim as a claim under the Rehabilitation Act. To the extent Plaintiff still seeks to bring a claim under the ADA against her federal employer, that cause of action is dismissed.

United States Magistrate Judge Thomas E. Rogers III.[2] In the R&R, the magistrate recommends that the Court grant Defendant's Motion for Summary Judgment. Plaintiff timely filed objections to the R&R. For the following reasons, this Court adopts the R&R.

### Background[3]

Plaintiff was employed by the BOP as a dental hygienist at FCI Williamsburg from June of 2005 through her termination in 2010. Although Plaintiff's position title at FCI Williamsburg was "Dental Hygienist," her job description expressly provided that all employees of a federal correctional institution are correctional officers first. Plaintiff claims she experienced a number of medical conditions at FCI Williamsburg and requested accommodations as such. Leading up to the lawsuit at issue, Plaintiff also filed a number of complaints with the Equal Employment Opportunity Comission ("EEOC") and supported another employee's EEOC complaint.

On November 30, 2010, after Plaintiff failed to respond to various requests from BOP regarding her medical records, John R. Owen, Warden at FCI Williamsburg, sent a letter outlining his decision to remove her from her position. According to Mr. Owen, "As the last information we have is from October 2009, we must base the decision on that information. I have considered reassignment to other positions as well as accommodating your medical condition. However, there are no positions within the Federal Correction Institution where you would not present a risk to your safety and the safety of others." Plaintiff ultimately filed the lawsuit at issue on January 23, 2012,

---

[2]  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

[3]  The facts of this case, including citations to the record, are lengthy, rather convoluted, and discussed thoroughly in the magistrate's R&R. [See R&R, Doc. # 37, at 2–18.] The Court will not rehash them here.

alleging cause of action for disability discrimination, hostile work environment, and retaliation.[4]

### Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

---

[4] As the magistrate explained and to which Plaintiff does not object, Plaintiff's current action does not involve her termination from BOP. Thus, Plaintiff's termination is not at issue in the case.

3

## **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. The bulk of Plaintiff's objections appear to rehash her initial arguments before the magistrate or expound on the factual background of the case. *See Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations). To the extent Plaintiff's arguments constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings. Nonetheless, out of an abundance of caution the Court will briefly address the objections lodged by Plaintiff.

First, Plaintiff files a number of what she refers to as "factual objections." [Obj., Doc. # 38, at 5–10.] These objections merely take issue with the information included in the "Facts" section of the R&R and fail to highlight an error in the magistrate's ultimate analysis of the issues in the case. To the extent Plaintiff claims that the magistrate incorrectly relied on a "less than specific job description" of Plaintiff, this argument fails. [*Id.* at 5.] Plaintiff, without any citation to any legal authority, makes the bald allegations that "Plaintiff is the only individual who actually knew what her job duties actually entailed." [*Id.*] Plaintiff then spends approximately the next four pages laying out what appears to be a stream-of-conscious recitation of the many tasks Plaintiff allegedly performed throughout the five years she worked for BOP. [*Id.* at 5–8.] However, the magistrate properly relied on Plaintiff's official job description. [*See* R&R, Doc. # 37, at 2–4.] Plaintiff's "factual objections" are without substantive merit.[5]

_____

[5]   Plaintiff also accuses the magistrate of erring by citing to her Complaint and by "only refer[ring]" to Defendant's exhibits. [Obj. Doc. # 38, at 5.] Plaintiff provides absolutely no

Second, Plaintiff objects to the magistrate's holding that she did not suffer from a hostile work environment. [Obj., Doc. # 38, at 11.] Plaintiff essentially restates her argument before the magistrate, adding that she suffered emotional trauma and that she worked in the training center while an inmate was present on two occasions – the magistrate held the evidence showed she was in the training center while an inmate was present on only one occasion. [*See id.*, R&R, Doc. # 37, at 22.] Even assuming the facts as stated by Plaintiff to be true, the Court agrees with the magistrate's holding that, on the record in this case, "Plaintiff fails to show that her work environment was so permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive working environment." [R&R, Doc. # 37, at 22.] Plaintiff's objection is overruled.

Third, Plaintiff objects to the magistrate's rejection of her disability discrimination claim. [Obj., Doc. # 38, at 12–14.] In essence, Plaintiff argues that she was not required to provide Defendant with the medical records it requested because the onus was on Defendant to more narrowly tailor their requests for Plaintiff's medical records. [*Id.*] In addition to citing no legal authority for this argument, Plaintiff overlooks the fact that the record shows she failed to respond to Defendant in any meaningful way, to include lodging any objection to the scope of Defendant's many requests for further medical documentation.[6] Moreover, Plaintiff's greatest failure in her

_____

legal support for either proposition and, for each fact, the magistrate cited to Plaintiff's deposition or to unchallenged exhibits. [R&R, Doc. # 37, at 2–18.] Further, to the extent Plaintiff makes the unsupported argument that Defendant never responded to her request for accommodation, the unchallenged record tells a completely different story. [*See* R&R, Doc. # 37, at 6–14 (discussing Defendant's response to Plaintiff's accommodation request and Plaintiff's repeated failure to provide Defendant with proper medical documentation).]

[6]  Plaintiff appears to make some issue out of the fact that she may have been given some accommodation in the past. However, as the magistrate explained, "simply because an employer chooses to temporarily accommodate an employee with a disability by eliminating

objection is that she offers no substantive argument against the magistrate's fundamental and well-supported holding: "because Defendant provided Plaintiff with a reasonable accommodation, Plaintiff's failure to accommodate claim fails and summary judgment is appropriate on this claim." [R&R, Doc. # 37, at 28.] The Court agrees with the magistrate. Plaintiff's objection is without merit.

Fourth, Plaintiff argues that the magistrate erred in ruling that summary judgment is appropriate as to her retaliation claim. [Obj., Doc. # 38, at 14–15.] Plaintiff's supposed objections merely restate the applicable law and discuss certain facts relevant to the claim. As she failed to do in her objection to the magistrate's finding on disability discrimination, Plaintiff offers no substantive argument against the magistrate's holding that Defendant provided Plaintiff with a reasonable accommodation. Thus, the magistrate correctly held that Plaintiff did not suffer an adverse employment action and Plaintiff's objection is overruled.[7]

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 22] is **GRANTED** and this case is **DISMISSED** in its entirety.

---

essential duties, the employer may not be required to continue such an accommodation permanently, especially when another reasonable accommodation has been provided." [See R&R, Doc. # 37, at 27.]

[7] The Court reiterates that Plaintiff is not seeking to raise her termination in this case, thus the Court has not considered her termination in its analysis.

6

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
September 13, 2013